**FILED**

AUG - 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court
For the District of Columbia

Michael J. Stewart, Esq.         )
6806 Lupine Lane                 )
McLean, VA 22101                 )
703-847-6390                     )
    Plaintiff                    )
                                 )
    v                            )
                                 )
Fairfax County Circuit Court     )
~~Gerald P. McWeeny~~ Randy Bellows )
~~Chief~~ Judge (BELLOWS)         )
4110 Chain Bridge Road           )
Fairfax, VA                      )
    Defendant

CASE NUMBER 1:05CV01589

JUDGE: Rosemary M. Collyer

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 08/8/2005

## MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER

Comes now Michael J Stewart, Esq., Pro Se, and states this Honorable Court is charged with protecting our precious civil rights, and that under the 5th and 14th Amendments of the Constitution, as implemented by statute, specifically, 42 USC section 1983, violations of civil rights under color of law present a Federal Question to this Honorable Court under 28 USC section 1331.

Plaintiff has long suffered violations of his civil rights, under color of law, at the Defendant's hand, who currently has a contempt of court citation to execute on Plaintiff. Plaintiff personally experienced how defendant got the default he used to make the capias. He reserves two courtrooms for one case that has two numbers. Plaintiff has been robbed of life, happiness and now they seek to take freedom away. The Defendant has no valid basis for this capias; it was manufactured. Plaintiff will vigorously defend himself and file charges of his own. Plaintiff states

2

that these citations from this source are always suspicious; and they are definitely malicious. Moreover, the marriage ended years before the final divorce decree in 2003, and the former living in Texas for years. Given the remedial nature of a citation of contempt by a court, Plaintiff hopes this Honorable Court will put a stop to Defendant's atrocious behavior. here.

However, in any event, this court has the power to end the controversy now by quashing the citation, or in the alternative to temporarily restrain execution thereof, on an emergency basis. Plaintiff demands that the court quash this citation; but in the alternative the Court temporarily restrain execution thereof, on an emergency basis.

*[signature]*
Michael J. Stewart, Esq.
6806 Lupine Lane
McLean, Va¹
703-847-6390

*August 8, '05*